UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN T. WALKER, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>SUPERINTENDENT )<br>OF INDIANA STATE PRISON, )<br>)<br>Respondent ) | CAUSE NO. 3:08-CV-074 RM |

<u>OPINION AND ORDER</u>

John T. Walker, a *pro se* prisoner, filed this habeas corpus petition challenging his 60 day loss of earned credit time in case number ISP 07-06-0343. On July 12, 2007, the Indiana State Prison Disciplinary Hearing Board (DHB) found him guilty of disorderly conduct in violation of A-360.

Despite having been afforded two opportunities to clearly and independently identify the claims he is trying to raise in this petition, he still presents only one ambiguous ground with a factual description that doesn't clearly identify the grounds for seeking to have the DHB's guilty finding reversed. Nevertheless, he has attached his administrative appeal in which he raised only four issues. Though is it unclear which claims Mr. Walker wanted to bring in this habeas corpus petition, because he can only bring claims that he presented during his administrative appeal, the court will address only those four claims. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ." <u>Moffat v. Broyles</u>,

288 F.3d 978, 982 (7th Cir. 2002). Any other claims that Mr. Walker might be trying to present haven't been exhausted and therefore could not be considered even if they had been clearly stated in this petition.

The first ground raised during his administrative appeal (docket # 7-2 at 11-14) is that there was insufficient evidence to find him guilty of disorderly conduct. Mr. Walker argues that the DHB based its findings on the statements of two sergeants, but that the statements of Sgt. Cedano and Sgt. Cambe don't say that he was disorderly nor that he swore. First, it is unnecessary for the testimony to use the word "disorderly." What is necessary is that it describe disorderly conduct. Second, though profanity can be disorderly, that is not the only way that a person can be disorderly. Sgt. Cedano stated that "they were arguing in the holding cell and they were both getting loud." Docket # 7-2 at 7. Sgt. Cambe stated that, "Walker was <u>very</u> upset and did in fact slam his fist into his hand, on more than 1 occasion." Docket # 7-2 at 6 (emphasis in original). These statements are some evidence that Mr. Walker was disorderly. Though these facts could be interpreted differently, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Superintendent v. Hill</u>, 472 U.S. 445, 455-56 (1985). Being very upset, arguing loudly, and slamming a fist into the other hand is some evidence of disorderly conduct.

"In reviewing a decision for some evidence, courts are not required to conduct an

2

examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). *See also* Superintendent v. Hill, 472 U.S. 445, 455-456 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); and Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Mr. Walker's second ground is that his hearing was held after the 7-day deadline set by prison rules. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because prison rules are not federal requirements, it is not relevant in this habeas proceeding whether they were violated.

Third, Mr. Walker argues that he didn't receive 24 hours' notice of when the hearing would be held. Though Wolff v. McDonnell, 418 U.S. 539, 570 (1974), requires notice of the charges 24 hours before a hearing, it does not require 24 hours notice of the date and time of the hearing.

> We hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period

3

> of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee.

Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Mr. Walker had more than seven days after he was notified before the hearing was held. He received more than adequate notice.

Finally, Mr. Walker argues that he was denied the opportunity to "cross check with Sgt. Cedano/Sgt. Cambe to make sure their statements were true and complete." Docket # 7-2 at 13. This argument presumes that Mr. Walker had the right to directly question witnesses, but he did not. "Further, to the extent that Piggie envisioned calling Nowatzke as an adverse witness in order to question the basis for his conduct report, we note that he had no right to confront or cross-examine adverse witnesses in his disciplinary proceeding." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Mr. Walker wanted to present the testimony of the sergeants and he did so. Their statements were obtained and presented. Neither Wolff nor Piggie require that witnesses be questioned directly.

Because Mr. Walker has presented no basis for habeas relief, his petition will be denied. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the court DENIES this habeas corpus petition.

SO ORDERED.

ENTERED: April  28 , 2008

                                                  /s/ Robert L. Miller, Jr.
                                                Chief Judge

United State District Court